UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE IGNACIO SONORA, | 1: 08 CV 01155 AWI WMW HC |
|       Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
|   v. | |
| LYDIA C. HENSE, | |
|       Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration

of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Petitioner's allegations, however, do not make such attacks.  Petitioner's claims challenge the conditions of his confinement, not the fact or duration of that confinement.  Specifically, Petitioner seeks a transfer to another institution, based on the claim that the guards at his present institution are trying to kill him.  Thus, his claims are not appropriate for habeas corpus relief.  Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to  42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Crawford v. Bell, 599 F.2d at 891-92 (9th Cir. 1979).

      Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) the petition for writ of habeas corpus is DISMISSED for failure to state a claim upon which relief can be granted under habeas corpus without prejudice to Petitioner's right to file an appropriate civil rights action, and

2) the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   October 7, 2008**　　　　　　　　　　　　　**/s/ Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE